UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON POWE,

                Petitioner,        CASE NO. 11-11875
                                           HONORABLE DENISE PAGE HOOD

v.

HUGH WOLFENBARGER

                Respondent.
_____/

### ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS
### and
### ADMINISTRATIVELY CLOSING ACTION

I.

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Brandon Powe ("Petitioner"), raises claims asserting that he is being held in violation of his constitutional rights. Petitioner was convicted in the Wayne Circuit Court of second-degree murder and possession of a firearm during the commission of a felony. The matter is before the Court on Petitioner's motion to stay his habeas proceeding so that he may return to the state courts and exhaust additional claims. For the reasons stated below, the Court grants Petitioner's motion.

II.

Following Petitioner's conviction, he filed a claim of appeal in the Michigan Court of Appeals. On November 17, 2009, the Michigan Court of Appeals issued an unpublished per curiam opinion affirming Petitioner's convictions and sentences. *People v. Powe*, Michigan Court of Appeals No. 286175. On April 27, 2010, the Michigan Supreme Court denied Petitioner's application because it was not persuaded that the questions presented should be reviewed. *People*

*v. Powe*, Michigan Supreme Court No. 140369. For statute-of-limitations purposes, his conviction became final 90 days later, when the time for filing a petition for writ of certiorari expired. See *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). Petitioner's present habeas application is dated April 25, 2011.

### III.

Petitioner's motion states that he wishes to file a motion for relief from judgment in the trial court raising new claims of ineffective assistance of appellate counsel and new evidence. He requests that his habeas petition be stayed and held in abeyance so that if he is unable to obtain relief in the state courts, he can include these new claims in this action.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. See *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); see also *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. See *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not

jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. See *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition containing both exhausted and unexhausted claims to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has shown the need for a stay. The one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, see *Jimenez*, 555 U.S. at 120 (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on April 27, 2010, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90-days later, on about July 27, 2010. The instant petition was signed on April 25, 2011. About nine months of the one-year period had expired when Petitioner instituted this action.

While the time in which this case has been pending in federal court is not statutorily tolled, see *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application

for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. See, e.g., *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. See 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that about three months of the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

If Petitioner has, as he suggests, a new federal claim, it should be presented to, and addressed by, the state courts in the first instance. Given such circumstances, a stay is warranted.

IV.

Accordingly, IT IS ORDERED that Petitioner's motion for stay and abeyance of his habeas proceedings (**Docket Entry #15**) is **GRANTED**.

IT IS ORDERED that this action is **STAYED and HELD IN ABEYANCE** pending Petitioner's exhaustion of his claims before the state courts. After exhaustion, Petitioner may file a motion lifting the stay and reopening the action.

IT IS FURTHER ORDERED that this action is **ADMINISTRATIVELY CLOSED** on the Court's docket pending any motion to lift the stay and reopen the action.

Dated:  February 6, 2013          S/Denise Page Hood
                                  Denise Page Hood
                                  United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 6, 2013, by electronic and/or ordinary mail.

                                  S/LaShawn R. Saulsberry
                                  Case Manager